

**NUMBER 13-06-119-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOE MENDOZA, IV,** <span style="float:right">**Appellant,**</span>

**v.**

**THE STATE OF TEXAS ,** <span style="float:right">**Appellee.**</span>

---

**On appeal from the 24th District Court of Victoria County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Yañez, Benavides, and Vela**
**Memorandum Opinion by Justice Yañez**

A jury convicted appellant, Joe Mendoza IV, of engaging in organized criminal activity[1] and murder,[2] and sentenced him to life imprisonment and a $10,000 fine for each

---

[1] *See* TEX. PENAL CODE ANN. § 71.02 (Vernon Supp. 2007).

[2] *See id.* § 19.02 (Vernon 2003).

conviction. By two issues, appellant contends (1) the evidence corroborating the accomplice-witness testimony is insufficient to support his convictions, and (2) the trial court abused its discretion in allowing a witness to testify as an expert. We affirm.

## I. Background

Near midnight on the evening of November 24, 2003, a neighbor saw what was later described as a gang warfare assault: approximately nine to thirteen people stood in the street and fired multiple shots into a mobile home. As a result of the incident, a six-year-old boy inside the mobile home was struck by a bullet and killed.[3] The neighbor was unable to identify any of the assailants.

At trial, two accomplice witnesses, Oscar Ramirez and Paul Benavides, testified.[4] Ramirez testified that (1) he was a member of a gang known as Hermanos de Pistoleros Latinos ("HPL"); (2) appellant was the captain and highest-ranking member of the gang; (3) appellant ordered the shooting in retaliation for other shootings committed by members of a rival gang; (4) prior to the shooting, appellant called a meeting of certain gang members and gave orders for the shooting; and (5) when the shooting occurred, Ramirez and appellant were not present because they were at the hospital, celebrating the birth of appellant's baby. Similarly, Benavides testified, in pertinent part, that: (1) he was a member of HPL; (2) appellant was the leader of HPL; (3) any organized shooting required appellant's permission; (4) appellant called a meeting and gave the orders and specific

---

[3] The victim's mother testified that at the time of the shooting, five children under the age of six were living in the mobile home.

[4] Both Ramirez and Benavides were also indicted for the shooting, but were granted immunity in exchange for their testimony. Other gang members were prosecuted and convicted in connection with the incident. *See Loya v. State*, No.13-04-00537-CR, 2006 Tex. App. LEXIS 5827 (Tex. App.–Corpus Christi July 6, 2006, no pet.) (mem. op., not designated for publication).

2

directions for the shooting;[5] and (5) based on appellant's orders, the plan was to "[s]hoot into the house to kill."

The State also presented testimony from several officers who assisted in investigating the shooting. In addition, several Victoria police officers testified regarding the gang-related aspect of the shooting. Officer Tom Copeland testified that appellant was the captain of the HPL gang and that the victim's father was an associate in a rival gang. Officer Chris Garcia testified that he was "the gang expert in the City of Victoria." Officer Garcia testified that in his "expert opinion," appellant was the leader of HPL in Victoria County and was the only one with authority to order the shooting.

Clemente Rodriguez, a "gang expert from TDCJ" also testified for the State.[6] Rodriguez testified that appellant's tattoos identify him as a member of HPL. According to Rodriguez, appellant has been confirmed as a member of HPL for over ten years. Rodriguez testified that an HPL captain has authority to order other HPL members to carry out a shooting. The defense did not present any witnesses or evidence.

## II. Standard of Review and Applicable Law

The accomplice-witness rule provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely

---

[5] Benavides testified that appellant called two meetings: one on November 23, 2003 and a second on November 24, 2003. According to Benavides, the "hit" that was scheduled to occur on the 23rd was called off because of a police patrol in the area. On the 24th, appellant called a second meeting and gave the orders to follow the same plan discussed on the 23rd.

[6] Mr. Rodriguez testified that he conducts monitoring and training on "security threat groups" for TDCJ. "Security threat groups" are commonly referred to as "prison gangs." Mr. Rodriguez testified that he has testified many times as a gang expert.

3

shows the commission of the offense."[7]

In conducting a sufficiency review under the accomplice-witness rule, a reviewing court must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime.[8] "Tendency to connect," rather than rational sufficiency, is the standard: the corroborating evidence need not be sufficient by itself to establish guilt.[9] "The accomplice witness rule is satisfied if there is *some* non-accomplice evidence which tends to connect the accused to the commission of the offense alleged in the indictment."[10] No precise rule can be formulated regarding the amount of evidence that is required to corroborate the testimony of an accomplice witness; each case must be judged on its own facts.[11]

The "tends-to-connect" standard does not present a high threshold.[12] Even insignificant circumstances may satisfy the test.[13] If, however, the corroborating evidence does no more than point the finger of suspicion towards the accused, it is insufficient to

---

[7] TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005); *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).

[8] *Solomon*, 49 S.W.3d at 361.

[9] *Id.* (citing *Cathey v. State*, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999)).

[10] *Trevino v. State*, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999) (quoting *Hernandez v. State*, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997) (emphasis in original)).

[11] *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).

[12] *See Cantelon v. State*, 85 S.W.3d 457, 461 (Tex. App.–Austin 2002, no pet.).

[13] *See id.*

4

satisfy the requirements of article 38.14.[14] One accomplice witness's testimony may not corroborate the testimony of another accomplice witness.[15] While the accused's mere presence at the scene of the crime is insufficient, by itself, to corroborate accomplice witness testimony, "evidence of such presence, coupled with other suspicious circumstances, may tend to connect the accused to the offense."[16] The accomplice-witness rule is not based upon federal or state constitutional notions of sufficiency; there simply needs to be "other" evidence tending to connect the defendant to the offense.[17]

The State's failure to sufficiently corroborate accomplice testimony in accordance with the statute results in the remedy of acquittal.[18] This result is not required by the federal constitution, but by state statute: "In all cases where, by law, two witnesses, *or one with corroborating circumstances*, are required to authorize a conviction, *if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction*."[19]

We measure the sufficiency of the evidence by the elements of the offense as

---

[14] *Nolley v. State*, 5 S.W.3d 850, 853 (Tex. App.–Houston [14th Dist.] 1999, no pet.).

[15] *Badillo v. State*, 963 S.W.2d 854, 857 (Tex. App.–San Antonio 1998, pet. ref'd) .

[16] *Trevino*, 991 S.W.2d at 851-52 (quoting *Dowthitt v. State*, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996)).

[17] *Solomon*, 49 S.W.3d at 361 (citing *Cathey*, 992 S.W.2d at 462-63).

[18] *Cathey*, 992 S.W.2d at 463 n.2.

[19] *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 38.17 (Vernon 2005) (emphasis in *Cathey*)).

5

defined by the hypothetically correct jury charge.[20] Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.[21]

A person commits murder if he or she intentionally or knowingly causes the death of an individual.[22] A person commits the offense of engaging in organized criminal activity if, "with the intent to establish, maintain, or participate . . . as a member of a criminal street gang," he commits or conspires to commit one or more specified offenses, here, murder.[23] The Texas Penal Code defines "criminal street gang" as "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities."[24]

### III. Analysis

### A. Officer Garcia's Testimony

We first address appellant's second issue, by which he contends the trial court erred in allowing Officer Garcia to testify as an expert on gangs without determining his qualifications as an expert. In his brief, appellant alleges:

---

[20] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.2d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd).

[21] *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *Malik*, 953 S.W.2d at 240.

[22] TEX. PENAL CODE ANN. § 19.02(a) (Vernon 2003).

[23] TEX. PENAL CODE ANN. § 71.02(a)(1) (Vernon Supp. 2007).

[24] *Id.* § 71.01(d) (Vernon 2003).

6

After some testimony before the jury regarding training Sergeant Garcia had received, Appellant's counsel asked to approach and a hearing was held outside the presence of the jury. During that hearing Appellant objected to Sergeant Garcia testifying as an expert and made additional objections regarding character evidence. No evidence was presented by the State at that hearing regarding Sergeant Garcia's qualifications as an expert and the only other reference was the statement of the Court that if Sergeant Garcia was " . . . an expert on HPL being a gang, he's allowed to give his expert opinion."

The record reveals, however, that appellant did not object at all to Officer Garcia's assertion that he is "the gang expert in the City of Victoria;" appellant objected only that Officer Garcia's testimony was inadmissible "character testimony" "under Rule 404."[25] In order for an issue to be preserved on appeal, there must have been a timely and specific objection raised at trial.[26] The objection made at trial must also mirror the contention on appeal or the point of error will be waived.[27] Because appellant's contention on appeal is different from his trial objection, he has failed to preserve any issue for our review. We overrule appellant's second issue.

## B. Corroboration of Accomplice Witness Testimony

In his first issue, appellant contends the evidence is insufficient to corroborate the accomplice witnesses' testimony. Specifically, he contends the only evidence tending to connect him to the charged offenses—the testimony of Officers Copeland, Rodriguez, and Garcia that he was a high-ranking member of HPL—was insufficient corroborating

---

[25] *See* TEX. R. EVID. 404.

[26] TEX. R. APP. P. 33.1.

[27] *See Santellan v. State*, 939 S.W.2d 155, 171 (Tex. Crim. App. 1997); *Doyle v. State*, 24 S.W.3d 598, 602 (Tex. App.–Corpus Christi 2000, pet. ref'd).

evidence.[28]

The jury charge authorized the jury to find appellant guilty of engaging in organized criminal activity and murder under the "intent to promote or assist" theory of the law of parties.[29] Specifically, the charge authorized the jury to convict appellant of engaging in organized criminal activity if it found that "on or about the 24th day of November, 2003, . . . a person unknown, as a member of . . . [HPL], did commit the offense of [m]urder, . . . by shooting [the victim,] . . . and [appellant], as a member of . . . [HPL], . . . with intent to promote or assist the commission of said offense, did aid or direct said person unknown by planning and ordering the attack . . . ." It further authorized the jury to convict appellant of murder if it found that "on or about the 24th day of November, 2003, . . . a person unknown, did commit the offense of [m]urder, . . . by shooting [the victim,] . . . and [appellant], with intent to promote or assist the commission of said offense, did aid or direct said person unknown by planning and ordering the attack . . . ." It is undisputed that appellant was not present at the scene of the crime.

The following non-accomplice evidence tends to connect appellant to the offense: (1) Officer Copeland testified that at the time of the shooting, there was gang warfare between HPL and a rival gang, Raza Unida, and numerous drive-by shootings had

---

[28] We note that appellant appears to challenge only the sufficiency of the evidence corroborating the accomplice witnesses' testimony. He makes no specific argument challenging the legal or factual sufficiency of the evidence supporting particular elements of the charged offenses. Thus, we confine our review to the sufficiency of the evidence tending to connect appellant to the offenses. *See Vasquez v. State*, 67 S.W.3d 229, 235-36 (Tex. Crim. App. 2002) (noting appellant's challenge to "three categories of sufficiency: accomplice witness corroboration, legal sufficiency, and factual sufficiency.").

[29] *See* TEX. PENAL CODE ANN. 7.02(a)(2) (Vernon 2003) ("A person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.").

occurred; the victim's father was a member of Raza Unida; based on the shell casings and bullet holes at the crime scene, Officer Copeland believed the shooting was "an attempted gang hit" and that HPL was involved; and appellant was the local leader of the HPL.

(2) Officer Garcia testified that he was an expert on gangs in the area and had testified as a gang expert several times; and appellant was the leader of the HPL and the only person that could have ordered the shooting.

(3) Clemente Rodriguez testified that appellant's tattoos identify him as a member of HPL, and that HPL members are required to follow orders given by an HPL captain.

(4) Other officers testified that various weapons used in the shooting were found at the residence of a high-ranking HPL gang member.

We hold that the non-accomplice evidence adduced at trial was sufficient to satisfy the accomplice-witness rule. Reasonable jurors could conclude that the non-accomplice evidence, when viewed as a whole, tended to connect appellant to the offenses. We overrule appellant's first issue and affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 24th day of April, 2008.

9